NEW YORK, NEW HAVEN and HARTFORD RAILROAD COMPANY *vs.* HERBERT M. PLIMPTON & others.

Norfolk.   March 23, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Findings by judge, Appeal.   *Deed,* Reformation. *Equity Jurisdiction,* To reform deed.

Upon an appeal from a decree dismissing a bill in equity, which was entered by order of a judge of the Superior Court who had heard the case, the evidence having been taken and reported by a commissioner appointed under Equity Rule 35, the decree must stand unless it clearly appears from the printed record that the decision of the trial judge was erroneous.

A bill in equity for the reformation of a deed on the ground of mistake cannot be maintained except upon full, clear and decisive proof that the deed failed to express the intent which both parties had in making it.

A deed, executed by the owner of certain real estate in 1901 and conveying certain real estate to a railroad corporation upon an agreement by the corporation to maintain a connection from its railroad line "to a certain track now built on a trestle adjacent to the manufacturing establishment on the adjoining land of said grantors," contained a provision that the corporation would "maintain said trestle and the track thereon so long as said connection does not interfere with the proper development of the railroad company land for purposes of said railroad and the business done in connection with said railroad upon said track upon said trestle is sufficient to properly remunerate the railroad company for and warrant the maintenance of said connection." This provision for maintenance was not included in an agreement in writing between the predecessors in title of the parties, which had been executed in 1897 and which had provided for the conveyance of the land "without further compensation" when the corporation had built the trestle and the track.   *Held,* that a conclusion that the insertion in the deed of the provision as to maintenance was due to a mutual mistake of the parties to the deed was not required as a matter of law.

The mere fact that, after the execution of the deed of 1901, above described, repairs were made on the trestle which were paid for by a partnership of which the grantor in that deed was a member, does not as a matter of law require a finding that the clause requiring the railroad corporation to do such repair-

ing was inserted in the deed by mistake of the grantor, especially where it appears that the repairs were inconsiderable in amount and there is nothing but the fact of partnership to lead one to believe that they received the personal attention of the grantor in the deed.

Mistake on the part of one party only to a deed in the inclusion therein, without fraud on the part of any one, of a provision which is against his interest, is not a ground for the maintenance by him of a bill in equity to reform the deed solely on the ground of mistake.

BILL IN EQUITY, filed in the Superior Court on April 6, 1915, and afterwards amended, for the reformation of a deed.

In the Superior Court, the suit was heard by *Wait*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence is described in the opinion. The findings of the judge were as follows:

"I find the facts asserted in the bill and admitted by the answers are true. I find there was no fraud — none is alleged — and no mistake in regard to the terms of the deed recorded in 1902. I find that subsequent to 1901 and prior to 1911 a few repairs made on the trestle were paid for by the defendants; these were inconsiderable in amount and there is nothing but the fact of partnership to lead one to believe they received the personal attention of Herbert M. Plimpton, the surviving party to the contract of 1897, and the sole grantor in the deed recorded in 1902. That deed in reciting the agreements to maintain the track connection and the trestle with the track thereon as 'a part of the consideration for this conveyance' does not contravene the contract of 1897; which, in my opinion, limits what Plimpton & Co. (then Herbert M. Plimpton, the defendant, and Howard E. Plimpton, who died in January 1899, before the deed in question was executed) were to do 'without further compensation,' to the conveyance of the parcel of land containing about four thousand three hundred square feet.

"I do not base my decision on either laches or *res judicata*. I think, and find, that the plaintiff does not make out the facts essential to its case, without regard to laches or *res judicata;* and that the defendants and their predecessors did not 'by their every act, word and deed' show that they were bound to maintain the trestle.

"Let a decree be prepared dismissing the bill with costs to the defendants taxed as at law."

A final decree dismissing the bill accordingly was entered; and the plaintiff appealed.

*A. W. Blackman,* for the plaintiff.

*Asa P. French,* (*E. G. Loomis* with him,) for the defendants.

DE COURCY, J. By deed dated September 25, 1901, Herbert M. Plimpton, to whose rights the defendant Plimpton Press has succeeded, conveyed a parcel of land in Norwood to the New England Railroad Company, the predecessor in title of the plaintiff. The deed contained the following: "As part of the consideration for this conveyance said Railroad Company, for itself and its successors and assigns, agrees to maintain a connection from the line and tracks of said railroad to a certain track now built on a trestle adjacent to the manufacturing establishment on the adjoining land of said grantors, and to maintain said trestle and the track thereon so long as said connection does not interfere with the proper development of the railroad company land for purposes of said railroad and the business done in connection with said railroad upon said track upon said trestle is sufficient to properly remunerate the railroad company for and warrant the maintenance of said connection." In 1911 it became necessary to rebuild the trestle; and as this plaintiff refused to do the work, it was done by the defendants Plimpton, Bird and Kendall.

They then brought an action to recover the cost, and obtained a finding against the railroad company for $1,532.72. That finding was confirmed in *Plimpton* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 548, where the facts appear more at length.

The plaintiff seeks by this bill in equity to have said deed reformed, by striking out the clause "and to maintain said trestle and the track thereon;" claiming that this was inserted by an error of the scrivener or through a mutual mistake of the parties. The case was tried before a judge of the Superior Court. No evidence was offered in support of the allegation of a mistake by the scrivener. In addition to certain subsidiary findings the judge found that there was no mistake in regard to the terms of the deed, that "the plaintiff does not make out the facts essential to its case, without regard to laches or *res judicata;*" and he ordered a decree dismissing the bill. On this appeal the decree must

stand unless it clearly appears from the printed record that the decision of the trial judge was erroneous.

It is settled that a deed will not be reformed on the ground of mistake except upon full, clear and decisive proof that the instrument failed to express the intent which both parties had in making it. *Coolidge* v. *Loring*, 235 Mass. 220, and cases cited.

The plaintiff bases its claim largely on the fact that the agreement of 1897 did not contain the clause in question. But the force of that executory contract ceased when the deed was accepted as performance of it. As was said in *Williams* v. *Hathaway*, 19 Pick. 387, 388: " . . . by the rules of law, when a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged, and the deed is deemed to express the final and entire contract between the parties."

The plaintiff also relies on the fact that in 1908 and 1910 some repairs on the trestle were paid for by H. M. Plimpton and Company. But the trial judge found that "these were inconsiderable in amount and there is nothing but the fact of partnership to lead one to believe they received the personal attention of Herbert M. Plimpton, the surviving party to the contract of 1897, and the sole grantor in the deed recorded in 1902." In fact, the first letter that appears to have been signed by Mr. Plimpton himself, that of November 15, 1910, states, " . . . it is my recollection that at the time this contract was made the railroad was to maintain the connection of this side-track, and to maintain the trestle in consideration for the land which we deeded to the railroad and the amount of business which we gave it. This was submitted to our attorney at the time for his approval, and this seems to be the way he recollects the matter." Obviously the judge could find that there was no mistake on the part of the defendants.

Mistake on the part of the plaintiff alone would not entitle it to the relief sought. And there was evidence from which the judge may have found that even the alleged mistake of the plaintiff was not. established. The deed, while dated September 25, 1901, was not recorded until May 27, 1902. After it came into the possession of the plaintiff's real estate agent, James W. Perkins, he forwarded it to the attorney of the railroad company. With it he sent a letter in which he quoted from the conveyance the paragraph dealing with the trestle, called the attorney's

attention to the fact that it "added something to the language contained in the agreement;" and inquired "will you kindly advise me whether you wish me to accept the deed as drawn as a fulfillment of the contract so far as the deed is concerned, and to place the deed upon record." The reply from the legal department stated: "I . . . think we may safely accept the deed so far as that clause is concerned."

The present record emphasizes the force of what was said in the earlier case: "It is conceivable that the written instrument of 1897 by mistake or otherwise did not express the real agreement of the parties and that the correction was made in the deed of 1901." However that may be, the decision of the trial judge, far from being clearly wrong, seems to be fully justified on this record.

*Decree affirmed with costs.*