WALTER L. BARRELL *vs.* OLIVE H. BRITTON.

Norfolk.　December 7, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Rights before conveyance of purchaser under agreement containing no demise.

A person, in occupation of land under an agreement of purchase without a demise, during the pendency of the agreement has an interest in the land which is similar to a strict tenancy at will, and holds the possession at the will or sufferance of the owner of the land, and, pending conveyance, the seller holds the legal title to the land subject to an equitable obligation to convey to the plaintiff when conveyance is called for by and under the conditions stated in the agreement; and the seller has a right, following a notice to the purchaser to vacate, to an immediate possession of the premises which he can enforce by a writ of entry.

BILL IN EQUITY, filed in the Superior Court on May 27, 1922, seeking to have the plaintiff's right under an agreement for the purchase of premises 1049 Beacon Street in Brookline established and the defendant enjoined from interfering with the plaintiff's possession of the premises.

The suit was heard by *Sanderson,* J., upon an agreed statement of facts. Material facts are described in the opinion. The "original receipt," referred to in the next to the last paragraph of the letter of the defendant's agent to the plaintiff's attorney dated September 21, 1921, set out in the opinion, was as follows:

"$500                    Brookline, Mass., August 3, 1921.

Received of Walter L. Barrell W. R. Bigelow's check for Five Hundred Dollars. Being deposit on a/c purchase of 1049 Beacon St., Brookline, Mass., for $17,000, $2,000 in cash on or before Sept. 1, 1921, balance at rate of $250 quarterly on principal and 7% per annum interest on deferred payments, payable quarterly; title to remain as at present until at least $5,000 has been paid on principal; present title being free from encumbrance except restrictions (if any) of record now in force and applicable and mortgage held by Cam. S. B. on which $7,000 principal remains unpaid. Said deposit of $500 to be forfeited as liquidated damage if balance of $2000 cash pay't is not paid by Sept. 1, 1921.

Frank A. Russell, Agt."

By order of the judge, a final decree described in the opinion was entered for the plaintiff. The defendant appealed.

*R. A. Stewart,* (*D. A. Rollins* with him,) for the defendant.

*W. R. Bigelow,* for the plaintiff.

PIERCE, J. This is an appeal from a final decree of the Superior Court, whereby "it is ordered, adjudged and decreed that the defendant Olive H. Britton, her attorneys, agents and servants be and they hereby are restrained and enjoined from interfering with the plaintiff's possession of the house numbered 1049 Beacon Street in Brookline in said county, with the land on which it stands, and from bringing any proceedings to interfere with such possession or to recover compensation therefor so long as the plaintiff makes the payments at the times specified and complies with the other terms of the agreement between the parties set forth in the bill of complaint."

The facts are agreed to and succinctly stated are that the defendant on and prior to August 3, 1921, held the legal title to the premises at 1049 Beacon Street; that the premises on that day were occupied by the plaintiff with the permission of the defendant, as a sublessee of one Brown, who held under a written lease which terminated by limitation of time on September 1, 1921; that up to the expiration of the lease Brown paid the rent to the defendant and the plaintiff paid his rent to Brown; that while the plaintiff was occupying the premises under his sublease the defendant entered into an agreement whereby the defendant was to sell and the plaintiff to buy the premises in question; that said agreement expired on September 1, 1921, by reason of the failure of the plaintiff to make a payment which he was required to make by that day; that the defendant on September 16, 1921, began ejectment proceedings by writ returnable to the Municipal Court on September 24, 1921; that on September 21, 1921, after a telephonic communication with an attorney for the plaintiff, the defendant through her agent, Frank A. Russell, wrote a letter to that attorney which reads as follows:

"Dear Sir: —

"Confirming telephone conversation just had with you, the owner of 1049 Beacon Street, Brookline, is willing to make a new agreement with Walter L. Barrell for the purchase by him of said house, as of October 1st, next, on substantially the same terms as the old agreement which expired on September 1, 1921, by reason of the failure of said Barrell to make the payment of $1500 then due; provided said Barrell has paid into my hands, as agent, before 4 P. M. Friday, next, the sum of $300 on account of the purchase plus $18.70 for legal services to date of Daniel A. Rollins.

"He must further agree in writing to pay $1200 more on account of purchase and $150 rent for the month of September on or before September 30, 1921, with the understanding that, if this payment is not made, the $318.70 previously paid shall be forfeited and the premises vacated not later than October 5, 1921.

"He must further agree to show the premises to prospective buyers in the meantime, subject of course to his prior right of purchase upon fulfilment of the terms above recited.

"The balance of the purchase money is to be paid at the rate of

$250 quarterly on account of principal with interest on deferred payments at the rate of 7% per annum also payable quarterly, on the terms stated in the original receipt, which Mr. Barrell holds for the $500 paid August 3, 1921, which $500 shall be considered, in case the new agreement is consummated, as part of the total purchase price of $17,000.

"Nothing above stated shall be regarded as in any way reinstating the old agreement above referred to as having expired September 1, 1921."

Under date of September 22, 1921, the plaintiff sent a letter to the said Russell, agent for the defendant, which reads:
"Dear Sir: —

"Your letter dated September 21, 1921 addressed to my attorney, William R. Bigelow, at 15 State Street, Boston, has been received by him and submitted to me. I have read said letter and hereby accept terms of the agreement therein contained with reference to the purchase of 1049 Beacon Street in Brookline."

The agreement of August 3, 1921, while not reinstated upon the making of the new agreement in substance by express reference was incorporated therein. It reads as follows: "Agrees to buy 1049 Beacon St., Brookline, Mass., for $17,000; $2000 in cash on or before Sept. 1, '21 and balance at the rate of $250 quarterly on principal and 7% per annum, payable quarterly on deferred payments; $500 of this $2000 payment to be paid today and held by Frank A. Russell, Agt. and forfeited as liquidated damages if balance of $2000 is not paid by Sept. 1, '21. Title to be good subject to a first mortgage held by Cambridge Savings Bank on which $7000 principal remains unpaid."

The plaintiff thereafter has continued in occupation of the premises and has made the payments required to be made under the terms of the agreement until the day of the filing of the bill in this suit.

On November 1, 1921, the defendant sent the plaintiff a bill or statement for taxes and insurance premiums due on the premises. The plaintiff declined to pay the taxes and insurance and his attorney sent a letter to the agent of the defendant wherein he said "I have advised Mr. Barrell that under the terms of this receipt the title is to be kept free from encumbrances by you except for restrictions and mortgage of $7,000 until $5,000 has been paid on

the principal. This seems to be the plain purport of the agreement, and therefore Mr. Barrell is not liable to you for any taxes or insurance on the property until he takes the title after payment of $5,000 on the principal." The defendant in reply said: "In this letter you reach the conclusion that under the written agreement the property is Miss Britton's and the title remains in her until at least $5,000 has been paid on the purchase price and that, therefore, it is Miss Britton's duty to pay the taxes and insurance. I must agree with you in this conclusion but wish to call your attention to the fact that since Miss Britton is the owner of the property and since there was nothing in the written contract giving Mr. Barrell the right to occupy the premises some arrangement satisfactory to Miss Britton must be made relative to Mr. Barrell's paying her for such occupancy. If Mr. Barrell wishes to continue to occupy the premises he should pay rent at $150 per month therefor for the period beginning October 1, 1921, and should enter into a satisfactory written lease to cover the period until he shall have a right to possession." The plaintiff in reply denied that he had "reached the conclusion that under the written agreement the property is Miss Britton's;" and asserted that "in equity Mr. Barrell owns the premises conditioned upon his performance of the terms of the agreement." The plaintiff has not paid nor offered to pay any taxes, insurance or any money for the use and occupation of the premises.

On May 18, 1922, the defendant caused the following notice to be served by a deputy sheriff upon the plaintiff:

"May 17, 1922.

Mr. Walter L. Barrell,
    1049 Beacon Street,
        Brookline, Mass.

Dear Sir: —

I hereby demand that you forthwith give me possession of the premises, 1049 Beacon Street, Brookline, Mass., now occupied by you and that you forthwith vacate said premises.

Olive H. Britton, owner of said premises,
            By Daniel A. Rollins,
                        Attorney."

On May 27, 1922, this bill was filed, and by order of the court was made returnable at Boston on June 5, 1922, to show cause why

an injunction should not issue as prayed for in the plaintiff's bill.

Upon the facts narrated the question of law presented is, was the defendant after the demand upon the plaintiff to vacate the premises entitled in law to the possession of them and had he the right to seek to obtain such possession by any appropriate writ? The relation between the plaintiff and the defendant when the agreement of purchase and sale was made on September 21, 1921, was not that of landlord and tenant. The agreement did not make provision for a demise fixing the rights of the parties as to the possession during the agreement, as the instrument under seal did in *Fitch* v. *Windram*, 184 Mass. 68. The plaintiff in occupation of the premises when the agreement was made has continued to occupy them under a claim of right, disputing the right of the defendant as owner to have possession of them. A person in occupation of land under an agreement of purchase without a demise, during the pendency of the agreement has an interest in the land which is similar'to a strict tenancy at will, and holds the possession at the will or sufferance of the owner of the land. Like a mortgagor the purchaser in a sense is a tenant at will, "as a mortgagor is tenant at will to the mortgagee, because he may enter upon him and eject him, if he can do it peaceably, or maintain a real action on his title, and thus gain the possession." *Dakin* v. *Allen*, 8 Cush. 33, 34. *Lyon* v. *Cunningham*, 136 Mass. 532. The plaintiff in possession of the premises without a demise was not liable to pay rent or to account for rent and profits; nor could the defendant have the summary process to eject him given by G. L. c. 239, § 1, in the absence of proof of a forcible detainer. *Larned* v. *Clarke*, 8 Cush. 29. *Kiernan* v. *Linnehan*, 151 Mass. 543. *Washburn* v. *White*, 197 Mass. 540, 543. However, like a mortgagee, the defendant following a notice to vacate did have the right to an immediate possession of the premises if she could obtain such by peaceable means; and did have the right to maintain a writ of entry on her title and thus gain the possession. *Lyon* v. *Cunningham*, *supra*. *Dakin* v. *Allen*, *supra*. *Gould* v. *Newman*, 6 Mass. 239, 241. *Tuttle* v. *Brown*, 14 Pick. 514, 516. *Ayres* v. *Waite*, 10 Cush. 72, 75.

Upon the facts, until the payment of $5,000, the defendant holds the legal title subject to an equitable obligation to convey

to the plaintiff on payment of the purchase money; but meanwhile she has a personal and substantial interest and right to the possession which she may actively assert. And unlike an ordinary trustee she has the exclusive right of beneficial enjoyment for the time being. *Shaw* v. *Foster,* L. R. 5 H. L. 321, 338. *Dakin* v. *Allen, supra.*

It results that the decree must be reversed.

*Decree accordingly.*