WALTER L. BARRELL *vs.* OLIVE .H. BRITTON.

Norfolk.    March 12, 1925. — May 22, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, & WAIT, JJ.

*Contract*, Construction, Performance and breach, Reformation.  *Equity Jurisdiction*, Specific performance, Reformation of contract, Mistake, Res judicata.  *Equity Pleading and Practice*, Appeal, Finding by judge.

A court of equity is without power to reform a written agreement between parties, except to make it conform to the facts of the agreement where those facts by mutual mistake are not made to appear, or where by fraud one of the parties has been induced to enter into a contract he never intended to make.  Per CROSBY, J.

At the hearing of a bill in equity seeking that a contract in writing, by which the defendant agreed to sell and the plaintiff to purchase certain real estate, be reformed by adding thereto a provision, alleged to have been omitted by mistake, that during the making of periodical payments the plaintiff should be permitted to remain in possession of the real estate, there was evidence that the plaintiff expressed a desire and expectation to continue to occupy the premises after the agreement to purchase should be entered into; but there was nothing referring to a right of the plaintiff to have possession so long as he should continue to meet the payments on the purchase price and of the interest on the deferred payments, nor was there any evidence that the plaintiff should be entitled to occupy· without the payment of rent until he obtained title.  *Held*, that

(1) A finding, that it was "tacitly understood" that the plaintiff should have the right of possession so long as he made the payments on the purchase price and interest on the deferred payments, and that such was the "real understanding and agreement" of the parties, was not warranted;

(2) In the absence of such an agreement the plaintiff was not entitled to possession until he obtained title;

(3) The fact that the vendee was in possession when the agreement was made gave him no right to continue in such possession;

(4) The defendant, after notifying the plaintiff to vacate, was entitled to immediate possession, and could maintain a writ of entry by virtue of his title and thereby gain possession.

If, in a suit in equity for specific performance of a contract to sell real estate, the plaintiff seeks to amend his bill by adding an allegation that a provision giving the plaintiff a right of possession while he was making periodical payments on the contract price was omitted from the contract by mistake, and also a prayer that the contract be reformed to

include such a provision, and the motion to amend is denied and the bill is dismissed, the plaintiff is not thereby barred from maintaining a second suit based on the allegations which he was not permitted by amendment to add to the bill in the first suit.

BILL IN EQUITY, filed in the Superior Court on July 2, 1923, and afterwards amended, seeking a reformation of an agreement for the purchase and sale of certain real estate in Brookline, an accounting by the defendant thereunder, and specific performance by the defendant of the agreement as reformed.

In the Superior Court, the suit was heard by *Hammond, J.*, a commissioner having been appointed under Equity Rule 35 to take the evidence.

Material findings and rulings by the judge are described in the opinion. He ordered the preparation of a decree "ordering that if the plaintiff shall within sixty days reimburse the defendant the amount paid by her for the taxes assessed upon the property in the years 1922 and 1923 and one half of the amount paid by her for taxes assessed in the year 1921 with interest from the dates of payment, a decree shall be entered declaring that it was the understanding and agreement of the parties that the plaintiff should have the right of possession of the premises purchased so long as he should make the payments of the instalments of principal and the interest on deferred payments on account of the purchase price, and ordering that the written agreement be reformed to conform to the actual contract so made by the parties, and further declaring that the plaintiff has a right to remain in possession of the premises purchased under the contract of purchase so long as he makes the required payments of principal and interest. The interlocutory decree should further provide that if the plaintiff shall fail to reimburse the defendant as above provided, the bill shall be dismissed."

Being of opinion that the order so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, the judge reserved and reported the suit for determination by this court upon the pleadings, the evidence, the memorandum of findings and order for a decree, and the plaintiff's allegations of ex-

ceptions thereto, "such order to be made as justice and equity may require."

W. R. *Bigelow*, for the plaintiff.

H. W. *Ogden*, (D. A. *Rollins* with him,) for the defendant.

CROSBY, J.  This is a bill in equity which, as amended, prays that the defendant be ordered to convey to the plaintiff certain real estate in Brookline; that the defendant be enjoined from bringing any proceedings to deprive the plaintiff of possession of the real estate; and that a certain written agreement for the sale of the premises, entered into by the parties, by which the defendant was to sell and the plaintiff to purchase, be reformed to conform to the actual agreement entered into by them.

A somewhat similar suit between the same parties was considered in 244 Mass. 273, and a final decree for the plaintiff, entered in the Superior Court, was reversed.  Many of the allegations in the present bill are identical with those contained in the previous suit, the substantial difference being the addition by amendment of paragraph twelve and the prayers thereunder.  Paragraph twelve is as follows: "The plaintiff further says that it was part of the original agreement entered into between the plaintiff and the defendant through her agent said Russell, that the plaintiff should occupy and have a right to occupy said premises during the time that he continued to make the payments required by said written agreement, but that by inadvertence and mistake this provision was not clearly set out in said written agreement."  The first three allegations in the amendment are admitted by the defendant; the fourth (paragraph twelve above referred to) being the only other allegation in the amendment.

The plaintiff, after rescript in the first case, moved to amend his bill in the Superior Court by setting up the allegations contained in the amendment.  This motion was denied.

In August, 1923, and after the previous decision, the defendant brought a writ of entry in the Land Court to recover possession of the premises, and damages for the alleged wrongful withholding by the plaintiff of such possession after May 18, 1922, on which date he was notified

to vacate. This case is still pending. The rights of the parties depend upon the terms of the agreement, which is fully set forth in the opinion in the previous case. No reference was made in that agreement to who should pay the taxes or insurance on the premises, nor is there any statement therein as to who was entitled to occupy the premises before the deed should be delivered.

The bill alleges in the sixth paragraph that the plaintiff offered to pay the defendant the sum of $1,500 on July 1, 1923, on account of the purchase price and that the plaintiff requested the defendant to execute and deliver to him a deed. If such payment had been tendered and accepted by the defendant, the plaintiff would have paid altogether on account of the purchase price the sum of $5,000, which would have entitled him to a deed in accordance with the agreement, provided he had complied with all other terms therein stated. But such a payment not being due at that time, the defendant was under no obligation to receive it. It was an offer to anticipate payments which, under the agreement, would not become due until a future date. *Saunders* v. *Frost*, 5 Pick. 259, 266. *Gordon* v. *Ware Savings Bank*, 115 Mass. 588. *Silva* v. *Turner*, 166 Mass. 407, 411.

At the time when the bill was filed on July 2, 1923, and the amendment thereto in November of the same year, the plaintiff was not entitled to anticipate payments which under the agreement would not become due until October, 1924. In that month he was required to pay the sum of $250 on account of principal; this would have made the amount paid on account of principal $5,000, and he would then have been entitled to a deed, provided he had performed all the other terms of the agreement.

The trial judge rightly ruled that he was not entitled to a decree for specific performance, but found that he was entitled to a decree for the reformation of the written agreement in accordance with the oral agreement of the parties, as set forth in the twelfth paragraph of the amended bill.

Upon this question the presiding judge in a "Memorandum and order for decree" made the following finding: "It seems to me clear from all the evidence in the case that it

was tacitly understood between the defendant's agent and the plaintiff that the plaintiff should have the right of possession of the premises so long as he should continue to pay the instalments of the purchase price and the interest on the deferred payments, and I find that such was the real understanding and agreement of the parties, but that by inadvertence it was omitted from the written agreement."

A court of equity is without power to reform a written agreement between parties, except to conform it to the facts of the agreement where those facts by mutual mistake are not made to appear, or where by fraud one has been induced to enter into a contract he never intended to make. There is no allegation or claim of fraud in the present case. It is well settled that to entitle a party to a contract to have it reformed on the ground of a mistake, it must appear that the mistake was mutual. Proof of mistake by one of the parties only is not sufficient. The mistake must be by both and in reference to the same matter. If one of the parties understood the agreement to be substantially as written, the other party will not be entitled to relief on the ground of mistake. *Sawyer* v. *Hovey*, 3 Allen, 331. *German American Ins. Co.* v. *Davis*, 131 Mass. 316. *Page* v. *Higgins*, 150 Mass. 27. *Chute* v. *Quincy*, 156 Mass. 189. *Coolidge* v. *Loring*, 235 Mass. 220, and cases cited. *New York, New Haven & Hartford Railroad* v. *Plimpton*, 238 Mass. 337.

The plaintiff testified to a conversation between his agent and Russell, the defendant's agent; and also to various conversations had by himself with Russell, in which he expressed a desire and expectation to continue to occupy the premises after the agreement to purchase should be entered into; but there was nothing in any of the conversations or in any other evidence referring to the right of the plaintiff to have possession so long as he should continue to meet the payments on the purchase price and of the interest on the deferred payments, nor was there any evidence to show that the plaintiff should be entitled to occupy without the payment of rent until he obtained title.

While the presiding judge found that it was "tacitly understood" that the plaintiff should have the right of possession

so long as he made the payments on the purchase price and interest on the deferred payments, and that such was the "real understanding and agreement" of the parties, we are unable after a careful examination of the record to discover any evidence to support that finding.

In the absence of such an agreement the plaintiff was not entitled to possession until he obtained title. A vendee of real estate has no right of possession before he obtains a deed, unless the contract so specifies. *Dakin* v. *Allen*, 8 Cush. 33, 34. *Barrell* v. *Britton*, 244 Mass. 273. *Burnett* v. *Caldwell*, 9 Wall. 290. *Waterman* v. *Wood*, 185 Iowa, 897. See also cases cited in note to *Barrell* v. *Britton, supra;* 28 Am. L. Rep. 1065. The fact that the vendee was in possession when the agreement was made gives him no right to continue in such possession. *Barrell* v. *Britton, supra.* *Spencer* v. *Tobey*, 22 Barb. 260.

Although under the agreement the relation of landlord and tenant did not exist between the parties, and the plaintiff was not liable to pay rent even if there was no breach of the agreement, the defendant, after notifying the plaintiff to vacate, was entitled to immediate possession, and could maintain a writ of entry by virtue of her title and thereby gain possession. *Barrell* v. *Britton, supra.*

As the plaintiff's motion to amend the bill in the first suit by alleging that it was orally agreed between the parties that the plaintiff should have a right to occupy the premises was denied, the plaintiff was not permitted to raise such issue. The present suit is not barred by the decree previously entered. In view of the conclusion reached, it is not necessary to decide whether the right to maintain the bill was barred by laches. The plaintiff's exception to the order of the trial judge relative to the payment of taxes by the plaintiff has also become immaterial. It results that the plaintiff's exceptions are overruled and a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*