WALTER L. BARRELL *vs.* OLIVE H. BRITTON.
OLIVE H. BRITTON *vs.* WALTER L. BARRELL.

Norfolk.　October 21, 1926. — February 11, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Specific performance, One seeking equity must do equity. *Writ of Entry. Practice, Civil,* Equitable defence, Judgment. *Judgment.*

The determination of the question, whether specific performance of a contract shall be decreed in a suit in equity, rests in the sound judicial discretion of the court, and the plaintiff cannot obtain performance in equity unless he himself does what is just and equitable to the defendant.

A contract in writing provided for the sale for $17,000 of certain real estate subject to a mortgage for $7,000, the purchase price to be paid in instalments with interest on unpaid balances, "title to remain as at present until at least $5,000 has been paid on principal." After having paid $5,000, the purchaser demanded a quitclaim deed and, the deed being refused, brought a suit in equity in which a decree ordering specific performance was entered, from which the owner appealed. It appeared that, excepting his rights under the agreement, the plaintiff had no property nor assets. *Held,* that, applying the principle that he who seeks equity must do equity, the decree should be modified by pro-

viding that the plaintiff assume the payment of the existing mortgage, secure the defendant by a mortgage on the property, junior only to such existing mortgage, for the balance of the purchase price according to the terms of the contract, protect the defendant against nonpayment of taxes, and provide for insurance of the property against fire to the extent of the defendant's interests.

While the partial payments of the purchase price were being made, the purchaser occupied the premises and refused to vacate on demand of the owner or to pay rent. The owner thereupon, thirteen months before the purchaser had paid the $5,000 which entitled him to a conveyance, brought a writ of entry, which was pending when the decree for specific performance in the suit in equity above described was entered. An appeal from that decree was taken. The judge of the Land Court ordered that the owner, the demandant, was entitled to rent during the occupancy by the tenant. On exceptions by the tenant, the purchaser, in the Land Court, it was *held*, that, the demandant having a right to possession when the writ of entry was brought, the decree in the suit in equity did not affect his right to recover in the Land Court damages in the amount of the rents and profits to the time when conveyance was ordered in the suit in equity.

BILL IN EQUITY, filed in the Superior Court on January 19, 1925, for specific performance of an alleged agreement to convey real estate numbered 1049 on Beacon Street in Brookline. Also, a

WRIT OF ENTRY in the Land Court for possession of the same premises, dated August 15, 1923.

The writing which was the basis of the contract upon which Barrell relied was as follows:

"$500                    Brookline, Mass., August 3, 1921
Received of WALTER L. BARRELL (W. R. Bigelow's check for) FIVE HUNDRED DOLLARS. Being Deposit on a/c purchase of 1049 Beacon St., Brookline, Mass., for $17,000, $2,000 in cash on or before Sept. 1, 1921, balance at rate of $250 quarterly on principal and 7% per annum interest on deferred payments, payable quarterly; title to remain as at present until at least $5,000 has been paid on principal; present title being free from encumbrance except restriction (if any) of record now in force and applicable and mortgage held by Cam. S. B. on which $7000 principal remains unpaid. Said deposit of $500 to be forfeited as liquidated damage if bal. of $2000 cash pay't is not paid by Sept. 1, '21.

FRANK A. RUSSELL, Agt."

Other facts appearing and proceedings in the Superior Court before *Qua*, J., and in the Land Court before *Davis*, J., are described in the opinion. The cases were before this court on appeal by the defendant in the suit in equity and on exceptions by the tenant in the writ of entry.

*W. R. Bigelow*, for Barrell.

*H. W. Ogden*, (*D. A. Rollins* with him,) for Britton.

CARROLL, J. Barrell *v.* Britton is a suit in equity in which the plaintiff prayed that the defendant be directed to convey to him the real estate in question standing in the defendant's name. From a decree for the plaintiff, the defendant appealed. Britton *v.* Barrell is a writ of entry in the Land Court, in which it was found that the tenant was entitled to a conveyance of the demanded premises as of October 1, 1924; that the demandant was entitled to damages for the rents and profits in the sum of $4,260. The tenant excepted.

On two occasions (in 244 Mass. 273, and in 252 Mass. 504) certain aspects of the controversy of the parties have been passed upon by this court. The writ of entry was dated August 15, 1923, and was entered in September of that year. Barrell on October 1, 1924, had paid Britton $5,000 on the principal of the purchase price of $17,000, and in January, 1925, brought the suit in equity now before us, seeking specific performance of the agreement, which provided, "title to remain as at present until at least $5,000 has been paid on principal." All payments due on the principal and interest since that time have been paid. After the final decree was entered in the equity suit ordering the defendant to give a deed of the premises to the plaintiff, the writ of entry was heard on an agreed statement of facts.

In the equity suit there is no question that the legal title was in the defendant; and by the written agreement of the parties the title was to remain in her until at least $5,000 had been paid on the purchase price. In *Barrell* v. *Britton*, 244 Mass. 273, this agreement was construed, and it was said, "until the payment of $5,000, the defendant holds the legal title subject to an equitable obligation to convey to the plaintiff on payment of the purchase money." In

*Barrell* v. *Britton,* 252 Mass. 504, it was said that the plaintiff was entitled to a deed if the $5,000 was paid by him and accepted by the defendant. This sum has now been paid. The decree in the equity suit in the case at bar directed that the defendant within twenty-one days from the date of the decree execute a proper quitclaim deed in statutory form, to the plaintiff, of the premises in question. Nothing is said in the decree about securing the defendant for the balance of the purchase price, and no provision is made for her protection in the matter of taxes and insurance. It was agreed that the plaintiff Barrell "has no property or assets, real or personal, which can be attached or come at in law or in equity, other than his interest in the premises described in the pleadings in this case." The agreement between the plaintiff and defendant is silent on the question of securing the seller for the balance of the purchase price and securing her for insurance and taxes. It provides, however, that the price of the property was to be "$17,000, $2,000 in cash on or before Sept. 1, 1921, balance at rate of $250 quarterly on principal and 7% per annum interest on deferred payments, payable quarterly; title to remain as at present until at least $5,000 has been paid on principal."

The plaintiff has paid the $5,000. *Barrell* v. *Britton,* 244 Mass. 273. *Barrell* v. *Britton,* 252 Mass. 504. It was said in 252 Mass. at page 507: "If such payment had been tendered and accepted by the defendant, the plaintiff would have paid altogether on account of the purchase price the sum of $5,000, which would have entitled him to a deed in accordance with the agreement."

As $5,000 has been paid to the defendant, the plaintiff is entitled to a conveyance. But he cannot have this conveyance without assuming the existing mortgage, securing the seller for the balance due on the purchase price, and protecting her against loss if the property is destroyed by fire, as well as providing for the payment of taxes. The plaintiff according to the agreed facts has no property or assets. In seeking equity he must do equity; he cannot have the title to this real estate unless he provides for the rights and demands belonging to the defendant, and involved

in the subject matter of the controversy. He is entitled to relief in equity; but he is not entitled to this relief unless such conditions are imposed on him as in the circumstances shown a court of equity considers equitable, and are such that he should comply with them. It would be contrary to fundamental principle of equity to permit the plaintiff. to gain the title to this property for $5,000, and leave the defendant without any assurance that she would receive or could collect the balance due her. Specific performance of a contract rests in the sound judicial discretion of the court, and the plaintiff cannot obtain performance in equity unless he himself does what is just and equitable to the defendant. *Thaxter* v. *Sprague,* 159 Mass. 397. *Boston & Worcester Street Railway* v. *Rose,* 194 Mass. 142, 151., *Banaghan* v. *Malaney,* 200 Mass. 46, 49. *Forman* v. *Gadouas,* 247 Mass. 207, 211. See *Tramonte* v. *Colarusso,* 256 Mass. 299, 301.

The decree is to be modified by providing that the plaintiff assume the payment of the existing mortgage, secure the defendant by a mortgage on the property, junior only to such existing mortgage, for the balance of the purchase price according to the terms of the contract, protect the plaintiff against the payment of taxes, and provide for the insurance of the property against fire to the extent of the defendant's interest. So modified, the decree is affirmed.

In the writ of entry, the contention of the tenant is that, inasmuch as he is entitled to a deed as of October 1, 1924, the demandant cannot have judgment in damages for the occupation of the premises by the tenant to October 1, 1924, amounting, as agreed, to $4,260. We do not agree with this contention. The demandant held the legal title. The tenant occupied the premises. The writ of entry was entered in the Land Court in September, 1923. The tenant was not entitled to a conveyance until October, 1924. When the writ of entry was begun, the demandant held title and the writ of entry did not necessarily abate, as there can be no execution for possession. G. L. c. 237, §§ 9, 12. In *Curtis* v. *Francis,* 9 Cush. 427 (a writ of entry), it was said by Chief Justice Shaw at page 455: "In general, pleadings relate to the time of the commencement of the action, and if the

plaintiff has a good cause of action, when his action is brought, the defendant cannot defeat it, by showing an outstanding title in a stranger, or procuring a new title to himself, after action brought. *Le Brett* v. *Papillon*, 4 East, 502. In that case, it was said to be a settled rule of pleading, that no matter of defence, arising after action brought, could properly be pleaded in bar of the action generally." *Richards* v. *Randall*, 4 Gray, 53. In a real action judgment must be rendered upon the title as it stood at the date of the writ. *Andrews* v. *Hooper*, 13 Mass. 472. *Curtis* v. *Francis*, *supra*. *Weston* v. *Spiller*, 2 Allen, 125. *Hooper* v. *Bridgewater*, 102 Mass. 512. The tenant could not avoid the payment of costs and damages by reason of what occurred after the action was brought. *Mead* v. *Cutler*, 208 Mass. 391, relied on by the tenant, is not in conflict, because in that case the tenant after action brought surrendered possession to the demandant, who thereupon assumed possession of the premises. In the case at bar the demandant is not in possession, she has not voluntarily waived or surrendered any of her rights as they existed when the writ was brought. In *Brigham* v. *Hunt*, 152 Mass. 257, the action was prosecuted by the administrator of the deceased demandant; it was held that the administrator was without authority to prosecute the action.

The tenant in his answer set up the fact that a suit in equity had been brought by him against the demandant Britton, and it "is still pending"; and it was agreed that a decree had been entered in this suit ordering specific performance of the written agreement. The equitable defence relied on under the statute did not relieve the tenant of his liability for the rents and profits while in occupation of the real estate. "The purpose of the statute was not to create any new equitable defences in addition to those already existing . . . . That a defence should be established under it, such defence must be one within the rules and principles of equity jurisprudence." *Barton* v. *Radclyffe*, 149 Mass. 275, 280. In proceedings for the possession of land by summary process (G. L. c. 239) a lessee deprived of possession may recover judgment for his costs although the leasehold estate

was terminated during the pendency of the action. *Casey* v. *King,* 98 Mass. 503. *Hebron Church* v. *Adams,* 121 Mass. 257. In *King* v. *Lawson,* 98 Mass. 309, at page 312 it was said, "Of course the plaintiff is not now entitled to possession; and it is contended that he is not entitled to any judgment in his favor. But this matter was considered and settled in *Coburn* v. *Palmer,* 8 Cush. 124. According to the decision in that case the plaintiff is entitled to costs . . . and for payment of rent until his estate terminated." This principle applies to the case before us. The tenant has been in possession of the real estate and enjoyed its beneficial use without right. These rents and profits belong to the demandant, and she can recover them in this action. *Barrell* v. *Britton,* 244 Mass. 273.

In the writ of entry the exceptions are overruled. In the suit in equity the decree as modified in accordance with this opinion is affirmed.

*So ordered.*