SARAH LEVIN *vs.* GDALIA BERNSTEIN.

Suffolk.    October 10, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* Mistake.  *Equity Pleading and Practice,* Findings by judge, Appeal.

A suit in equity to reform a document on the ground of mutual mistake will be dismissed if it appears that the document expresses, in language deliberately chosen, the meaning which one of the parties intended it to convey.

Where the record on an appeal from a decree in a suit in equity includes the evidence taken at the hearing under G. L. c. 214, § 24, Equity Rule 29 (1926), this court will not overturn the decision of the trial judge in matters of fact unless it is clearly wrong, or is the result of a mistake of law or of an abuse of discretion.

Upon an appeal by the plaintiff from a final decree dismissing the bill in a suit in equity to reform a mortgage on the ground that there was mutual mistake in that the language used in the mortgage did not express the intent of the parties and that they executed it in ignorance of the error, it appeared that the decree was entered after a hearing where the evidence was taken and reported under G. L. c. 214, § 24, Equity Rule 29 (1926); and that on such evidence the judge would have been warranted in finding that the seller of the land in question did not intend to give the buyer the right he claimed in the suit and that if the buyer failed to apprehend such to be the fact at the time the deed was executed, such failure was caused by his not taking advantage of ample opportunity given to him by the seller to do so.  *Held,* that the decree should be affirmed.

BILL IN EQUITY, filed in the Superior Court on March 30, 1928, and described in the opinion.

The suit was heard by *Quinn,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926).  The judge found that he was "not satisfied that the word 'therein', the issue under consideration, was inserted in the second mortgage either by inadvertence, clerical error or mistake, but [I] find rather that said word 'therein' was inserted advisedly."

The bill was dismissed.  The plaintiff appealed.

*M. Jacobs,* for the plaintiff, submitted a brief.

*Lee M. Friedman,* for the defendant.

WAIT, J.   This is a bill in equity to reform a mortgage on the ground that there was mutual mistake in that the language used does not express the intent of the parties, who executed it in ignorance of the error.   The judge stated that he was not satisfied that the words affecting the meaning of the instrument which it was claimed were used contrary to the intention of the parties, were used either by inadvertence, clerical error or mistake, and found rather that they were inserted advisedly.   He dismissed the bill.   The plaintiff appealed.

The law is settled that equity will not reform a document on the ground of mutual mistake where it expresses, in language deliberately chosen, the meaning which one of the parties intended it to convey.   *Barrell* v. *Britton,* 252 Mass. 504, 508.   In such a case there is no mutual mistake.   *Page* v. *Higgins,* 150 Mass. 27.   *New York, New Haven & Hartford Railroad* v. *Plimpton,* 238 Mass. 337, 340.   *O'Reilly's Case,* 258 Mass. 205, 208.   Whether in fact the language was so chosen and used is a question of fact.

This court will not overturn the decision of a trial judge in matter of fact unless it is clearly wrong, or is the result of a mistake of law or an abuse of discretion.   *Thayer* v. *Atwood,* 259 Mass. 523, 527.   The evidence reported fails to show any mistake of fact or law or any indication of abuse. The finding would well be warranted that the seller of the land in question did not intend to give the buyer the right she now desires, and that if the latter failed to apprehend it at the time it was because she failed to take advantage of the ample opportunity given her by the other party to do so.

*Decree affirmed with costs.*