ALPHONSE GUERETTE & another *vs.* HENRY CHEETHAM
& others.

Bristol.    October 22, 1934. — January 11, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, Construction, Performance and breach.

A promise, by one, who had done plumbing work in an unfinished house, to one who had done plastering therein, that he would see that the plasterer was paid for his work if the plasterer would not attach the land or bring legal proceedings against the one for whom the work was done, and "if he [the plumber] took over the premises," did not require payment by the plumber if he did not take over the entire title to the premises but only a half interest therein, although the plasterer, in reliance on the promise, did not bring proceedings.

BILL IN EQUITY, filed in the Superior Court on May 24, 1929, and afterwards amended.

The suit was referred to a master. Material facts found by the master are stated in the opinion. By order of *Gibbs,* J., there were entered an interlocutory decree confirming the master's report and a final decree ordering the defendants Cheetham and Sullivan to pay the plaintiffs $845 and costs. The defendant Sullivan appealed.

*R. A. Bogle,* (*H. S. R. Buffinton* with him,) for the defendant Sullivan.

*I. H. Simon,* (*H. W. Radovsky* with him,) for the plaintiffs.

LUMMUS, J. The defendants Henry and Mabel M. Cheetham had an oral option to buy land owned by the defendants Corbett and Bilsky. On December 10, 1928, the Cheethams engaged the plaintiffs for the contract price of $650 to plaster a house which the Cheethams were building on the land. The plaintiffs finished their work on February 1, 1929, but were never paid. About April 1, 1929, the house remaining unfinished, the plaintiffs' attorney talked with the defendant Sullivan, who had done plumbing work for the Cheethams in the house, and had not been

paid. Sullivan told the attorney that if the plaintiffs would not attach the land or bring legal proceedings against the Cheethams, he would see that the plaintiffs were paid "if he . . . took over the premises." Relying on this promise, the plaintiffs made no attachment and brought no action.

At the time of his promise, Sullivan expected to take over the premises alone, but later found that the Cheethams would not convey unless the defendant Eagan, who represented a creditor furnishing lumber, should be joined with Sullivan in the conveyance. On April 12, 1929, the Cheethams, Corbett and Bilsky caused the land to be conveyed to Sullivan and Eagan in equal shares. Sullivan offered to admit the plaintiffs to an interest in the land with himself and Eagan, but they said that they were too poor to engage in a building venture.

We think that the final decree was erroneous in ordering Sullivan to pay the plaintiffs. If we assume, without deciding, that his promise was not one to answer for the debt of another within G. L. (Ter. Ed.) c. 259, § 1, (*Colpitts* v. *L. C. Fisher Co., ante,* 232,) his promise was to pay only in case he should take over the entire premises. He never took more than a half interest. The final decree is to be modified by dismissing the bill as against Sullivan, with costs, and as so modified is affirmed.

*Ordered accordingly.*