MARY A. KING & another *vs.* BOSTON PORT DEVELOPMENT COMPANY.

JAMES ALBERT HARRIS *vs.* SAME.

MARGARET A. JEFFREY & another *vs.* SAME.

Suffolk.   December 12, 1934. — March 27, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, Specific performance.   *Contract*, For sale of real estate.

The plaintiff in a suit in equity for specific performance of a contract in writing for the sale of real estate was not entitled to relief where the contract provided that the defendant's "obligation" to perform "is contingent upon" the occurrence of a certain event, and that event had not occurred.

THREE BILLS IN EQUITY, filed in the Superior Court on October 21, 1932, and afterwards amended as described in the opinion.

The suits were heard together by *Donahue,* J., by whose order a final decree dismissing the bill was entered in each suit. The plaintiffs appealed.

The case was submitted on briefs. ·

*A. E. Digan,* for the plaintiffs.

*L. A. Mayberry, H. L. Barrett, & H. H. Ham,* for the defendant.

CROSBY, J.    These are three suits in equity in which the plaintiffs severally seek to compel the defendant specifically to perform agreements to purchase certain real estate. With the exception of the fourth paragraphs, which were waived in open court by the respective plaintiffs, the three bills in substance are alike.

The bills allege in substance that the plaintiffs entered into written agreements with the defendant dated November 21, 1931, whereby the plaintiffs agreed to sell and the defendant to purchase certain real estate in East Boston, and that the plaintiffs have been ready and willing to carry out the agreements, but that the defendant has neglected and refused to do so. The agreement in each instance provided that "It is understood and agreed that the obligation of the party of the second part to purchase said land is contingent upon the sale or leasing or otherwise letting of premises described in permits granted by the City of Revere for the sale, storage and keeping of petroleum products and if such sale or leasing or otherwise letting shall take place prior to May 1, 1932." In each case a demurrer was filed on the grounds, first, that the allegations of the bill do not state a cause entitling the plaintiff to relief in equity, and second, that the bill is multifarious. The demurrers were overruled on the first ground and sustained upon the second ground. The plaintiffs were given leave to amend within ten days; they did so by waiving the fourth paragraph of each bill. The answer in each case, among other things, recites that the defendant denies that it "'has made a sale, leasing or letting of the premises' therein referred to." The cases were thereafter heard upon the merits by a judge of the Superior Court who found "that the contingency upon . . . which the defendant was to take title has not yet happened" and

that the bills were prematurely brought.   A final decree was entered in each case dismissing the bill, from which the plaintiffs have appealed.

The agreements expressly provided that the obligation of the defendant to purchase the land was contingent upon the sale or leasing or otherwise letting of premises described in permits granted by the city of Revere for the sale, storage and keeping of petroleum products.   As no such sale or leasing of the premises described in the permits has ever been made, the plaintiffs are not entitled to relief.   When an agreement is made subject to conditions all such conditions must be performed to entitle a party to specific performance.   *Barrell* v. *Britton*, 252 Mass. 504, 507.   *Guerrette* v. *Cheetham*, 289 Mass. 240.

The entry of a final decree in each case dismissing the bill was correct.

*Decrees affirmed.*