*Western District*

No. 196088

**EDMUND J. McCARTHY and
BARBARA A. McCARTHY**

v.

**JAMES T. ROBERTS and
WILFRED T. RILEY**

Argued: April 21, 1971 - Decided: May 24, 1971

*Present:* Garvey, P.J., Allen, Sloan, JJ.

Case tried to: *Barnes, J.* in the District Court of Springfield No. 196088.

**Sloan, J.** This is an action of tort to recover for damage sustained to certain household furniture of the plaintiffs. The plaintiffs in Count 1 seek to recover damages against Roberts, who was President of the corporate owner of the real estate on which the furniture of the plaintiffs was located and in Count 2 against Riley, a plumbing subcontractor of the owner. On motion of Roberts, Riley was impleaded as a third party defendant. Count 1 was waived in open court before trial and on Count 2 the court found for the defendant Riley, and also found for Riley as a third party defendant.

**There was evidence to support the following findings of the trial judge:**

On *August 26, 1965,* a written buyers and sellers agreement was entered into between the plaintiffs McCarthy and James T. Roberts, Inc. The defendant, Roberts, signed as president.

In the agreement the plaintiffs were to buy and the corporation to sell a lot of land in East Longmeadow #11 Concord Drive, together with a four and one-half room dwelling to be constructed according to attached plans and specifications dated August 25, 1965, designed by James T. Roberts.

The conveyance was to take place on November 25, 1965. Insurance premiums, water rates and taxes were to be apportioned as of the day of delivery of the deed.

At the time of the signing of the agreement, the lot was vacant, and the plaintiffs were living at their home on Maryland Street, also in East Longmeadow. The plaintiffs sold this Maryland Street home about September 1, 1965.

The plaintiffs were required to move from this house about November 10, 1965 and they requested of Mr. Roberts permission to place their five rooms of furniture in the garage part of the new house then under construction. The garage part of the basement was complete but some items remained to be finished in the rest of the basement. The plaintiffs were to live with his parents until Roberts completed the house.

Roberts gave permission to put the furniture in the basement and the furniture was so placed. Items of furniture were placed on top of other items.

On November 21, 1965, McCarthy went to the basement garage and found that the ceiling had buckled, water had poured all over the furniture and one to two inches of water was on the garage floor. He immediately showed the situation to Roberts who was working on a house on an adjacent lot.

Inspection showed that the water was coming

from a pin point size hole in a pipe behind the wall of the second floor bathroom. The water had seeped down, gathered on top of the garage ceiling and its weight eventually buckled it.

The damage to the plaintiffs property was in the sum of $1,723.00.

The third party defendant, Riley, as a subcontractor had installed the plumbing.

Riley had been working in the basement around the furniture and four days before November 21, had installed the water meter to the system and turned on the water.

The judge made the following additional findings:

Based upon the above subsidiary findings, I find that the plaintiffs were not tenants at will nor did they have an interest similar to a tenancy at will of the part of the premises where their furniture was stored. The plaintiffs did not intend to obtain any form of tenancy and Roberts did not intend to give any by placing the furniture in the garage part of the unfinished basement.

Roberts merely agreed to and did store the furniture for the plaintiffs until the dwelling was ready for them to take title and move in. The plaintiffs were not occupants of where the furniture was stored. Roberts. did not give up any control or give up his right to go into the storage place. His subcontractor, Riley, did go there.

The property entrusted to Roberts was a

gratuitous bailment. The damage to the plaintiffs property was not caused by any wilful, wanton or reckless act by Roberts, his subcontractor Riley, or anyone for whose conduct they were legally responsible.

I do find, however, that Riley was negligent in failing to properly test the water pipes for leaks before and after the water was turned on and his negligence was the cause of the damage to plaintiffs property.

At the close of the trial and before final arguments the plaintiffs made the following requests for rulings:

1. The plaintiffs were tenants at will of that part of the premises where their goods were stored. *Barrell* v. *Britton,* 244 Mass. 273, 278.

2. As to that part of the premises which remains in the possession and control of a landlord, his duty to a tenant at will of another part of those premises is to exercise reasonable care to keep the premises in such condition that others will not be injured in their person or property. *Chalfen* v. *Kraft,* 324 Mass. 1, 4-5.

3. The duty of the legal owner of the premises to the plaintiffs was to exercise that degree of care which a reasonably prudent person would exercise in the same or similar circumstances.

4. The duty of the defendant Riley to the plaintiffs was to exercise that degree of care

which a reasonably prudent person would exercise in the same or similar circumstances.

5. The doctrine of *res ipsa loquitur* is applicable to the facts of this case because the pipe from which water leaked was installed by the defendant Wilfred T. Riley and was in his sole control, and, under ordinary circumstances, a newly installed water pipe does not leak in the absence of negligence.

6. A finding is warranted that the damage was caused by the negligence of the defendant Riley or a person for whose conduct said defendant was legally responsible.

7. A finding is required that the damage was caused by the negligence of the defendant Riley or a person for whose conduct said defendant was legally responsible.

8. The measure of damage in this case is the difference between the fair market value of the property immediately before it was damaged and the fair market value of the property immediately after it was damaged.

The Court refused to rule as requested in No. 1, ruled as requested in No. 2, refused to rule as requested in Nos. 3, 4 and 5 (referring to findings), ruled "as requested" in Nos. 6 and 7 "that the damage was caused by the negligence of defendant Riley but see findings, and ruled as requested in No. 8.

The plaintiffs claiming to be aggrieved by the refusal of their requests for rulings, numbers 1, 3 and 4, and by the findings of the court

that "the plaintiffs were not tenants at will nor did they have an interest similar to a tenancy at will of the part of the premises where furniture was stored;" that the "plaintiffs did not intend to obtain any form of tenancy and Roberts did not intend to give any by placing the furniture in the garage part of the unfinished basement;" that the "plaintiffs were not occupants of where the furniture was stored;" that "the property entrusted to Roberts was a gratuitous bailment;" and that the damage to the plaintiffs' property "was not caused by any wilful, wanton or reckless act by Roberts, his subcontractor Riley, or anyone for whose conduct they were legally responsible," claimed a report.

The denial of the request that "the plaintiffs were tenants at will of that part of the premises where their goods are stored" presents squarely the issue as to the status of the plaintiffs.

Generally "the relation of landlord and tenant arises out of an agreement, express or implied, by which one enters upon and continues in the occupancy of the premises of another for a consideration." *Story* v. *Lyon Realty Corp.*, 308 Mass. 66, 69, 70 (1941).

"A tenancy at will usually arises out of an agreement by which one party enters upon and occupies the premises of another for a consideration, which is usually the payment of rent." *Connors* v. *Wick*, 317 Mass. 628 at 630

(1945) See Mottla: Proof of Cases in Massachusetts 2nd Edition Volume Two, Chap. 63, Section 1120 et seq.

Our Supreme Court has had occasion, many times, to rule on the status of a buyer occupier of property which he intends to purchase.

In *Gould* v. *Thompson*, 4 Met. 224, the plaintiff agreed to sell the defendant a house for $3700. The defendant, paid the $3700. And two days later, but prior to the transfer, moved his furniture into the house. Later the house burned down.

The court said p. 228, 229 "When one enters on land, to use and occupy it, with the consent and permission of the owner, but for no definite time, he is tenant at will." "In the case at bar, the possession was given under an expectation that a deed would be given; but it was uncertain whether a deed would ever be given. In fact, in consequence of an unforeseen event none ever was or could be given: and therefore the purchaser, in the meantime, *was the tenant at will of the owner.*" (Emphasis ours)

The court held the tenant buyer liable for use and occupation.

In *Dakin* v. *Allen*, 8 Cush. 33, the Supreme Court said "But it is sometimes said that one who is in thus under a contract for a sale is tenant at will to the owner. In a

certain sense he is a tenant at will, as a mortgagor is tenant at will to the mortgagee because he may enter upon him and reject him, if he can do it peaceably or maintain a real action on his title, and thus gain the possession. He is like a mortgagor in relation to a mortgagee, in another respect: he is under no obligation to pay rent, unless upon an express agreement.''

In *Lyon* v. *Cunningham,* 136 Mass. 532, the court held the tenant at will need not give the statutory notice to terminate the tenancy. Field, J. said at page 537: ''It has been much discussed whether one who is let into the possession of land under a contract for a deed, intended to be executed and delivered as soon as the title can be examined and the deed prepared, can, while the contract remains in force and unexecuted be regarded as a tenant of the vendor, or be held liable to pay for the use and occupation.'' P. 538 ''In this Commonwealth, it was for some time doubtful what such an occupant was.''

''But in *Gould* v. *Thompson,* 4 Met. 224 he was distinctly declared to be a tenant at will, and was held liable for use and occupation during the time of his actual occupation, and *this court has continued to call such an occupant a tenant at will ever since.*'' (Emphasis ours)

In *Barrell* v. *Britton*, 244 Mass. 273, the court held that a person, in occupation of land under an agreement of purchase without a demise, during the pendency of the agreement has an interest in the land which is similar to a strict tenancy at will, and holds the possession at the will or sufferance of the owner of the land. The court decided that the owner had the right following a notice to the buyer tenant, to get immediate possession of the land.

It is apparent from the above decisions that the plaintiffs, as buyer occupiers, were tenants at will of the seller.

We hold that the trial justice was in error in refusing to grant plaintiffs' request number 1.

The trial justice has found as a fact that the negligent act occurred in the second floor above the place where the furniture of the plaintiffs' was located. Thus, it occurred in a place which was under the control of the seller owner which duty it was to exercise reasonable care to keep it in such condition that others would not be injured in their person or property. *Mason* v. *Lieberman*, 349 Mass. 321.

But since the plaintiffs have waived their count against Roberts, requests numbers 2 and 3 are rendered moot and the plaintiffs have rightly refused to argue the denial of request number 5 relative to *res ipsa loquitor*.

There remains the question as to the correctness of the trial justice refusal to grant request number 4 that the defendant had the duty to exercise that degree of care which a reasonably prudent person would exercise in the same or similar circumstances.

It is well to bear in mind that we are not considering the duty an owner owes to a tenant at will, but the duty owed by one negligent occupier of real estate to a tenant at will of the owner of such real estate.

It certainly would appear that the duty of the negligent occupier should not be less than the duty of the owner.

"One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land." *Restatement of The Law of Torts* (Second) Chap. 13 Sec. 383.

Our Supreme Court has held the liability of a tenant for damage to a co-tenant's property depends upon whether it was caused by the defendant's negligence. *United States Trunk Company, Inc.* v. *Bristol Knitting Mills, Inc.,* 344 Mass. 249, 252 (1962).

We see no reason to apply a different rule to a negligent subcontractor of an owner when he has damaged the property of a tenant at will of the owner.

We therefore find that the trial justice was in error in refusing to grant plaintiffs' request number 4.

Prejudicial error having been found, the finding for the defendant is vacated and a finding for the plaintiffs in the sum of $1723.00 is to be entered, against the defendant Wilfred T. Riley.

CHARLES S. COHEN of Springfield
   for the Plaintiffs

EUGENE J. MULCAHY of Springfield
   for the Defendant