HORACE M. HEDDEN *vs.* CHARLES R. GRIFFIN.

Worcester.   Oct. 5, 1883. — Jan. 14, 1884.   FIELD & W. ALLEN, JJ.,
absent.

If a person is induced, by the false and fraudulent representations of the agent of
an insurance company, to take a policy of insurance in the company, and to pay
the premium thereon, he may rescind the contract, and, in an action against
such agent, recover as damages the amount of the premium so paid.

TORT, for false and fraudulent representations.   Trial in the
Superior Court, before *Knowlton*, J., who allowed a bill of ex-
ceptions, in substance as follows:

The defendant was a member of the firm of C. R. Griffin
and Company, the general agents for New England of the New
York Life Insurance Company of New York.   The defendant
represented to the plaintiff that Samuel D. Nye and certain
other persons, nine in all, on whose judgment and standing the
plaintiff relied, had each become insured in said insurance com-
pany for the sum of $10,000 on the fifteen years' endowment
plan, had each paid their first premium, and were all acting as
directors of the Worcester District Society, a local branch of
the New York Life Insurance Company, which exercised some
supervision of the company's local business and shared in the
profits of it.

It was proposed that the plaintiff should take the same sort of
policy that was taken by the other persons mentioned, and be-
come associated with them as a director of said society, from
which great profits were expected.

Relying on these representations, the plaintiff took a fifteen
years' endowment policy for $10,000 in said New York Life
Insurance Company, and paid the first premium of $721.40
thereon, and signed an agreement to become a member of said
district society.

About six months later, the plaintiff ascertained the facts, that
Samuel D. Nye and several of the persons represented as having
been insured, and as having paid their premiums, and as having
become directors in said district society, had not become in-
sured, had not paid their premiums, and had not been acting as
directors of said society, and that the statements had been made

by the defendant fraudulently. He forthwith notified the defendant of his intention to cancel his policy, and demanded back his premium.

It further appeared that the policy became forfeited if the yearly premiums were not paid; but it was not disputed that, until cancelled or forfeited, the policy was a good policy, and that the New York Life Insurance Company was a good and amply solvent company, and that the premium was a fair premium for that kind of policy.

The defendant requested the judge to rule that, on the evidence and pleadings in the case, the plaintiff was not entitled to recover. The judge declined so to rule.

The defendant then asked the judge to instruct the jury as follows: " 1. The burden is on the plaintiff to prove that he did rely, and had a right to rely, on the representations of the defendant. 2. He must prove that those representations were false, and that he was damaged by relying on them. 3. The damage must be caused by the fact that the statements were false instead of true, and it is not therefore competent to show that his own act of cancellation caused the damage. 4. The plaintiff suffered no damage unless the value of the policy which he obtained was less than it would have been had the statements been true. 5. The value of the policy is its actual money or market value, and not its peculiar value to the plaintiff. 6. The measure of damages is the difference in money value between what he got, and what he would have got had the representations been true."

The judge gave the first instruction, in substance, but refused to give the other five instructions requested; and instructed the jury as follows:

The plaintiff upon discovering the fraud might take advantage of it in either of two ways. He could keep on with his contract and sue for the damage which he had suffered, or he could do as he did in this case, rescind the contract and recover the amount of the money that he paid therefor, with interest, less the value of the insurance, if any, which he had received from said contract, as damages.

The jury found for the plaintiff in the sum of $812.26; and the defendant alleged exceptions to the refusal of the judge to

rule and instruct the jury as requested, and to the ruling and instruction given.

*W. S. B. Hopkins,* for the defendant.

*F. P. Goulding & W. A. Gile,* for the plaintiff.

MORTON, C. J. In order to maintain an action of tort for deceit, it is necessary for the plaintiff to show that the false representations alleged in his declaration are representations of material facts calculated to deceive him and induce him to act. Representations as to matters which are merely collateral, and do not constitute essential elements of the contract into which the plaintiff is induced to enter, are not sufficient. It was held in the case of *Penn Ins. Co.* v. *Crane,* 134 Mass. 56, that representations like those alleged in the declaration in the case at bar are material in their nature; and that the party insured, having been induced by them to enter into the contract of insurance, had the right to cancel his policy, and was not liable to the company upon his promissory note given for the premium. That case decisively shows that the plaintiff in the case at bar is entitled to maintain his action.

The principal question in the case is as to the measure of the damages which the plaintiff is entitled to recover. It appeared at the trial that the plaintiff was induced by the false representations of the defendant, who was the general agent of the New York Life Insurance Company of New York, to take a fifteen years' endowment policy for $10,000 in said company, and to pay the first premium thereon; that, before the second premium became due, he discovered the fraud, and notified the defendant of his intention to cancel the policy, and demanded the amount of the premium he had paid. It also appeared that the said company was solvent; that the policy, until cancelled, was a good policy; and that the premium was a fair premium for such a policy. The defendant contended that, upon these facts, the plaintiff could recover no damages, or at most only nominal damages, contending that the "measure of damages is the difference in money value between what he got and what he would have got had the representations been true."

If the plaintiff had elected to retain his policy, this rule of damages would be correct. *Morse* v. *Hutchins,* 102 Mass. 439. But, upon discovering the fraud, the plaintiff had his election of

two remedies. He could retain his policy, or he could cancel and repudiate it and have resort to the defendant for the fraud practised upon him. This right of rescinding his contract is important to the plaintiff, as his contract was an executory one extending over fifteen years, and its value depended, not merely on the present condition of the company, but largely upon its future management. The defendant cannot control this election. The plaintiff had the right to, and did, elect to cancel the policy; his notice to the defendant, the agent of the company, was a cancellation; he could not thereafter maintain an action against the company; and he had in his hands no property of value to be returned.

We are of opinion that, under these circumstances, he has a right to recover damages of the defendant to an amount which will put him in the same position as if the fraud had not been practised on him. As a consequence of the fraud, he has paid out a sum of money as a premium for which he has got nothing. We think he is entitled to recover it of the defendant. The contention of the defendant, that the cancellation of the policy was the cause of the loss of the premium paid, seems to us to be a refinement which leads to unjust results. The fraud of the defendant was the cause both of the payment by the plaintiff and of the cancellation. If he had not cancelled the policy, he would perhaps not have lost the premium he had paid, but the exercise of this incidental right of cancellation cannot in any legal sense be said to be the cause of his loss. To hold as the defendant claims, would be to deprive the plaintiff of his right of election for the benefit of the defendant.

We are therefore of opinion that the instructions given at the trial were sufficiently favorable to the defendant.

*Exceptions overruled.*