WALTER L. HAYES *vs.* PENN MUTUAL LIFE INSURANCE COMPANY & others.

Suffolk.    November 20, 1916. — September 13, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance,* Life: endowment. *Equity Jurisdiction,* Mistake, To cancel instrument, Retention of bill. *Contract,* In writing, Rescission.

If an experienced business man makes an application in writing to a life insurance company for a "thirty year endowment policy" for the benefit of his wife, there is no ambiguity as to the kind of policy applied for, and the insurance company has no reason to suppose that the applicant intended to have the insurance money in case he lived beyond the thirty year period paid to himself instead of to his wife, and the insured, after the death of his wife before the expiration of the

endowment period, cannot maintain a suit in equity to change the binding force of the contract by reason of his own alleged undisclosed mistake in thinking that the policy made the insurance money payable to himself in case he should be living when the thirty year period expired.

In such a suit in equity brought by the insured to have the policy cancelled and the amount of the premiums repaid to him, where it appeared that the plaintiff's wife had lived during the first twenty-five years of the existence of the policy and during that time had enjoyed the benefit of the insurance on her husband's life under the policy, the plaintiff sought a return of the premiums, alleging that neither he nor his wife examined or read the policy at any time before her death and so failed to discover that the insurance money was payable to the wife or her representative at the maturity of the endowment period.  *Held*, that the plaintiff and his wife, having accepted the policy, could not deprive the insurance company of its rights under it by neglecting to read it, and that it would be inequitable to compel the insurance company to return the premiums, for which it had given an equivalent by its liability on the life insurance, solely because the plaintiff did not take the trouble to read the policy to ascertain his rights under it until after his wife's death.

In the same case the bill sought as alternative relief to have the plaintiff given an equitable lien upon the insurance money to the extent of the premiums paid by him, and it was *held*, that, there being no ground for cancelling the policy, it should be paid in accordance with its terms, and that the insurance company should not be kept in court for the purpose of establishing on this bill a possible claim by the plaintiff against the representative of his deceased wife as the beneficiary of the policy — without intimating that such a claim existed.

Bill in equity, filed on February 12, 1916, and amended on November 21, 1916, as of March 4, 1916, by the insured under a policy of endowment life insurance, seeking the cancellation of the policy of insurance and a return of the premiums paid under it on the ground stated in the opinion, and seeking in the alternative the establishment of an equitable lien upon the insurance money for the amount of the premiums paid by the plaintiff.  The amendment to the bill referred to above was by adding to it the following: "The defendant, Mary S. H. Rouse, is the only child of the plaintiff and of Fanny F. S. Hayes, and interested in the cause as sole heir at law and the residuary legatee under the will of said Fanny F. S. Hayes, deceased, the plaintiff's wife."

The defendants demurred to the bill as amended, and the case was heard upon the demurrers by *Carroll, J.,* who overruled the demurrers, and, being of opinion that the interlocutory decree or order overruling the demurrers so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported the question for such determination.

*A. H. Brooks,* for the defendant insurance company.

*G. Hoague,* for the defendant Mary S. H. Rouse.

*H. R. Scott,* for the plaintiff.

DE COURCY, J. The defendant insurance company, on December 4, 1886, issued a thirty year endowment policy of life insurance on the life of the plaintiff, by which it agreed to pay to Fanny F. S. Hayes, wife of the insured, her executors, administrators or assigns, the sum of $5,000 on the first day of December, 1916; or, if said Walter L. Hayes, the insured, should die before that time, then to make said payment to his said wife, her executors, administrators or assigns. The policy has remained in force by the payment of annual premiums alleged to have been made by or on behalf of the plaintiff. Fanny F. S. Hayes died on March 27, 1912. In March, 1914, the plaintiff brought a bill in equity alleging that it was his intention and that of the defendant insurance company to have the policy made payable to himself at the maturity of the endowment period, and payable to his wife only in the event of his death before that time; but that, by the mutual mistake both of himself and the company, the policy was made out in its present form, payable to his wife, both in the event of his death during the thirty years, and at the expiration of the endowment period; and he sought to have the policy reformed and made payable to him at the maturity of the endowment period. A trial was had before a single justice of this court, who found that the policy issued was exactly in accordance with the terms of the plaintiff's application, and that the insurance company made no mistake in issuing it in the present form, and the bill was dismissed. On appeal the decree was affirmed. *Hayes* v. *Penn Mutual Life Ins. Co.* 222 Mass. 382.

By the present suit the plaintiff seeks to have the policy cancelled and the premiums repaid to him, on the ground that he mistakenly understood that the policy was to be made payable to himself in the event that he lived to the end of the endowment period; and that as a result of this misunderstanding "there was no full and complete meeting of the minds of the parties and therefore no real contract between them." The plaintiff's written application called for a thirty year endowment policy, for the benefit of his wife. There was no uncertainty or ambiguity as to the kind of policy applied for. The insurance company had

no reason to suppose that the plaintiff, an experienced business man, meant by the word "endowment" something different from its ordinary recognized meaning in insurance contracts; and it issued the contract which the plaintiff apparently intended to have, as indicated by the language he used. If he misapprehended the meaning of the term "thirty year endowment" policy, the insurance company was not aware of it, and admittedly did not contribute to such mistake by any fraud or misrepresentation. The binding force of the contract cannot be affected by the alleged undisclosed mistake of the plaintiff. See *Boyden* v. *Hill,* 198 Mass. 477.

This thirty year endowment policy was issued in 1886. It was for the benefit of the plaintiff's wife. For more than twenty-five years annual premiums were paid, and the defendant company was liable to Mrs. Hayes in the event of the plaintiff's death during that period. Although Mrs. Hayes was protected by the policy during all those years, the plaintiff now seeks a return of the premiums, alleging that neither he nor his wife examined or read the policy at any time, and so failed to discover that the insurance money was payable to Mrs. Hayes or her representatives at the maturity of the endowment period. Having accepted the policy, they cannot deprive the insurance company of its rights thereunder by merely neglecting to read it. It would be inequitable now to compel the company to pay back the premiums for which it has given an equivalent as above stated, solely because the plaintiff did not take the trouble to read the policy and ascertain his rights under it until after his wife's death. *Johnson* v. *New York, New Haven, & Hartford Railroad,* 217 Mass. 203. *American Express Co.* v. *United States Horse Shoe Co.* 244 U. S. 58.

The bill seeks in the alternative to give the plaintiff an equitable lien upon the proceeds of the policy to the extent of the premiums paid by or for him. His bill, however, proceeds on the ground that no contract was made and hence that the policy should be cancelled. As under the allegations of the bill there is no ground for cancelling the policy it should be paid in accordance with its terms, and the insurance company should not be kept in court for the purpose of establishing on this bill a possible claim as between the plaintiff and his daughter Mrs. Rouse — without intimating that such a claim exists. It follows that the demurrers should be sustained, and it is                    *So ordered.*