PETER M. HARWOOD *vs.* SECURITY MUTUAL LIFE INSURANCE
COMPANY.

Worcester.    December 6, 1927. — April 10, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Insurance,* Life: rescission by insured; Designation of character of policy
under G. L. c. 175, § 129. *Contract,* Validity, Implied, Rescission.
*Conflict of Laws.*

If an insurance company falsely represents material facts as to the nature
of a policy, and the wording of the policy does not disclose the falsity
of the representation, and the insured is thereby induced to accept the
policy and to pay premiums thereon, he, upon discovering such falsity,
may rescind the contract and recover the premiums paid.

When an instrument in writing is executed by reason of an alleged mutual
mistake and rescission or reformation is sought on that ground, it must
appear that the mistake not only was made by both parties, but that
it related to the same subject matter; the mistake must be common to
all the parties to the contract.

An insurance policy issued on March 20, 1900, provided that, upon pay-
ment of a certain sum by the insured on March 20 "in every year
thereafter," the company would pay a certain amount in event of the
death of the insured; that in that event "at any time hereafter," while
engaged in military service in time of war, the payment by the company
should be limited to the amount of premiums paid; that "this policy is
issued payable in one sum on the death of the insured"; that the in-
sured was given an option to change the number of instalments in pay-
ments by the company "at any time during his lifetime"; and that
"this policy provides annual renewable term insurance." In the in-
sured's application it was stated that he desired "Probable Life" in-
surance. The policy contained the letters "P. L. A. R." The insured
was forty-seven years old when he took out the policy and his expect-
ancy of life was then twenty-three years. In an action of contract
commenced in 1927 by the insured against the company, the declara-
tion alleged the issuance of such policy; that the defendant at the time
of issuance represented to the plaintiff that it was a policy for the whole
life of the plaintiff; that the plaintiff, believing that such was the char-
acter of the policy, paid each year the stipulated premium; that he
tendered to the defendant the premium due March 20, 1923, but that
the defendant then refused to receive it or keep the policy alive unless
the plaintiff paid larger premiums, asserting that the policy was not a
level premium policy for the life of the plaintiff, but was an annually
renewable policy upon which the premiums had been increased by
the defendant. The plaintiff sought to recover the premiums paid on
the ground that the policy was void. The defendant demurred on the

grounds that the declaration stated no cause of action and that it appeared therefrom that the plaintiff had not restored the defendant to the *status quo.* The demurrer was sustained. *Held,* that

(1) The terms of the policy were uncertain and ambiguous; and, by reason of the misrepresentations alleged, the plaintiff could rescind the contract at his option within a reasonable time after discovering the fraud, and recover the premiums paid;

(2) In order so to rescind the contract, the plaintiff was not required to restore to the defendant the value to the plaintiff or the cost to the defendant on account of the insurance;

(3) It was not necessary that the defendant should have known that the representations were false;

(4) The action could not be maintained upon the ground that the policy was void by reason of a mutual mistake of the parties;

(5) The order sustaining the demurrer must be reversed.

The defendant in the action above described was a New York corporation. It was alleged in the declaration that the policy was issued to the plaintiff at Worcester in this Commonwealth. There was a provision in the policy that the place of contract was expressly agreed to be Binghampton in the State of New York. *Held,* that

(1) Notwithstanding the provision last mentioned, St. 1894, c. 522, § 73, now G. L. c. 175, § 129, applied to the policy, requiring it to "bear upon its face a plain description or designation of its character";

(2) Although the policy did not comply with the requirements of such statute, it was not thereby rendered void.

CONTRACT against an insurance company to recover premiums paid to the defendant by the plaintiff upon two policies of insurance described in the opinion. Writ dated February 18, 1927.

The declaration and the defendant's demurrer thereto are described in the opinion. In the Superior Court, the demurrer was heard by *Lummus,* J., and was sustained. The judge, being of the opinion that the interlocutory order sustaining the demurrer ought to be determined by this court before any further proceedings in the Superior Court, reported the case under G. L. c. 231, § 111.

In addition to the provisions of the policies set forth in the opinion, the policies provided: "The Insured may at any time during his lifetime change the number of Instalments" with reference to payments by the company.

*F. H. Nash,* for the plaintiff.

*G. M. Palmer,* (*A. E. Pillsbury* with him,) for the defendant.

CROSBY, J.   This is an action of contract brought against a New York corporation to recover the premiums paid by

the plaintiff under two policies of insurance.  A demurrer to the declaration was sustained by a judge of the Superior Court who reported the case upon the declaration, demurrer and copies of the policies.  The declaration is in two counts, one on each policy.  The counts contain the same allegations so far as material to the questions raised by the demurrer.

It is alleged, in substance, in the first count that the defendant on March 20, 1900, issued to the plaintiff a policy of insurance marked Exhibit A, representing it to be a policy for the life of the plaintiff and that, if the latter should keep it in force by the payment of $84.60 "upon the 20th day of March in every year thereafter," the defendant would pay to the plaintiff's executors or administrators $3,000 upon receipt of satisfactory evidence to the defendant of fact and cause of the plaintiff's death occurring during the continuance of the policy; that the plaintiff, believing that the policy was for his whole life with a level premium of $84.60 as represented by the defendant, has fully performed all his obligations thereunder and has paid each annual premium up to and including that of March 20, 1922; that on or about March 15, 1923, he duly tendered to the defendant $84.60 in payment of the premium due March 20, 1923; that the defendant refused to receive it or to keep the policy alive unless the plaintiff paid a premium of $209.43; that the defendant then asserted that the policy was not a level premium policy for the life of the plaintiff, but was an annually renewable policy upon which the premium had been increased by the defendant; that immediately thereafter the plaintiff elected to stand upon the defendant's repudiation of the policy as represented by the defendant when it was issued, and on April 7, 1923, brought suit in the United States District Court for the District of Massachusetts to recover back the premiums paid with interest thereon, and obtained judgment in the sum of $3,715.92; that, upon a writ of error prosecuted by the defendant, the Circuit Court of Appeals dismissed the suit without prejudice, on the ground of lack of jurisdiction in the Federal courts.  It is further alleged that the policy, according to the defendant's interpretation, did not bear upon its face a plain description or designation

of its character and therefore was forbidden by the statutes of this Commonwealth to be issued therein and is therefore void; that there has been a complete failure of consideration; and that the policy is void by reason of the mutual mistake of the parties as to the essential quality of the policy, due to the representations made by the defendant to the plaintiff when the policy was issued. Count one further alleges that the policy by its true construction was a level premium policy for the whole life of the plaintiff, and that the defendant so treated it by receiving each year until March, 1923, a level annual premium; that the plaintiff believed and had reason to believe it would continue to be treated as such a policy so long as he paid the annual premium of $84.60, and that the cause of action did not accrue until April 20, 1923, when the period of grace for the payment of the premium due March 20, 1923, expired and the policy lapsed. The plaintiff contends that he is entitled to recover $3,803.71, the amount of the premiums paid on said policy with interest to the date of the writ, February 18, 1927.

Count two is practically identical with the first count, except that it declares upon another policy payable to the plaintiff's wife and is for the sum of $1,000, the premiums becoming due on August 15 of each year, the payments paid being $28.20 each year until 1923, when the defendant demanded $69.81. This count contains no allegation of a previous suit thereon in the Federal courts.

The grounds of demurrer are as follows: "(1) that neither count states a legal cause of action against the defendant; (2) that it appears by each count that the plaintiff was insured under the policy therein set out, and that it does not appear that the plaintiff before bringing his action restored or offered to restore to the defendant either the value to him or the cost to the defendant of such insurance."

If an insurance agent by falsely representing material facts induces one to take a policy of insurance, he is liable to the person insured; and the latter may rescind the contract and recover from the agent the premiums paid although the policy is valid until cancelled by the insured. *Hedden* v. *Griffin*, 136 Mass. 229. If such representations were made

by the company as are here alleged, the principle thus established is equally applicable.   Misrepresentations as to collateral matters which do not "constitute essential elements of the contract into which a party is induced to enter" do not affect its validity.   *Kaplan* v. *Suher,* 254 Mass. 180, 182, *Hedden* v. *Griffin, supra.*   The representations alleged in the declaration in the case at bar relate to the character and nature of the policies.   It would be difficult to conceive of a more material representation than that here alleged. The defendant contends that it issued to the plaintiff annually renewable policies on which it had the right to increase the premiums.   It is the contention of the plaintiff that the defendant represented to him they were whole life policies, which are essentially different from those annually renewable, and that he accepted them believing them to be whole life policies.

An examination of the policies shows that the provisions are capable of different interpretations; in view of the allegations of representations made by the defendant to the plaintiff, the latter might well have understood he was obtaining policies which would remain in force during the whole of his life so long as the premiums of $84.60 and $28.20 were paid annually.   It could be found upon the allegations of the declaration that the policies were not as they were held out to be, and upon such a finding the plaintiff would be entitled to have the premiums paid returned with interest.   In the applications it is recited that the kind of policy desired was "Probable Life," but the allegations of the declaration are that he desired full life insurance and that the defendant represented to him that he was obtaining that kind of insurance.   In view of these allegations the statements in the applications are not controlling.

It could be found that the plaintiff did not even know the meaning of the words "Probable Life" and other terms as used in the policies, and that their insertion may have been a part of the plan to deceive the plaintiff.   The effect of their inclusion was a question of fact depending upon evidence.

In *Hayes* v. *Penn Mutual Life Ins. Co.* 228 Mass. 122, the question was one of mistake only, where no representations

were claimed to have been made by the defendant. It was there held that the plaintiff received the kind of policy he applied for. It appeared in that case that the plaintiff had the policy in his possession for over twenty-five years and paid the annual premiums without reading it and ascertaining his rights under it. That case is not decisive of the rights of the parties in the case at bar, because an examination of the policies here involved would not have revealed to the plaintiff that he was not receiving whole life policies, in view of their ambiguous terms and particularly in view of the representations of the defendant. Each policy contains a provision to the effect that "this policy provides annual renewable term insurance," and also contains the letters "P.L.A.R." These letters, the defendant states in his brief, mean "Probable Life Annually Renewable," but it is plain that the average person would have no knowledge that they have the meaning attributed to them by the defendant. The provisions indicate term policies ending with the termination of the "Probable Life" of the plaintiff. He was forty-seven years old when he took out the policies and "Probable Life" or expectancy was then twenty-three years; hence the policies which were issued in 1900 would expire in 1923. But it is expressly provided in each policy that it was issued in consideration of the payment of a level sum on a certain day in every year thereafter. The policies also provided that "In event of death of the insured at any time hereafter, while engaged in . . . military . . . service in time of war . . . the sum payable . . . shall be limited to the amount of premiums paid hereon"; and "this policy is issued payable in one sum on the death of the insured." These provisions have a tendency to indicate that the policies were extended to the full life of the insured if he continued to pay the flat premium of $84.60 on one policy and $28.20 on the other.

In view of the allegation of the declaration that the policies were accepted by the plaintiff by reason of the representations of the defendant, it is plain that if these allegations were proved the contract could be rescinded by him at his option, within a reasonable time after discovering the fraud. Upon cancellation of the policies by reason of the representations

made, the plaintiff was not required, as the defendant argues, to restore to it the value to him or the cost to the defendant on account of the insurance. *Hedden* v. *Griffin, supra.* It was not necessary, in order to rescind the policies for fraud or misrepresentation, that the defendant should have known that the representations were false. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144. *Bates* v. *Cashman,* 230 Mass. 167. 3 Williston, Contracts, § 1500.

The declaration alleges that each policy is void by reason of mutual mistake of the parties "as to the essential quality of said policy, said mistake being due to the representations made by the defendant to the plaintiff when the policy was issued." We understand the alleged mistake to be that the plaintiff believed the policies to be level premium policies for his whole life, and the defendant believed them to be annually renewable policies on which it had the right to increase the premiums. It is plain that the alleged belief or understanding of the parties as to the kind of policies issued did not constitute a mutual mistake. If there were any mistake respecting the kind of policies intended to be issued, it was not a "mutual mistake" in a legal sense. When a written instrument is executed by reason of an alleged mutual mistake, and rescission or reformation is sought on that ground, it must appear that the mistake not only was made by both parties, but that it related to the same subject matter. The mistake must be common to all the parties to the contract. *German American Ins. Co.* v. *Davis,* 131 Mass. 316. *Dzuris* v. *Pierce,* 216 Mass. 132, 135. *Barrell* v. *Britton,* 252 Mass. 504, 508. The phrase "mutual mistake" as used in the declaration means a mistake as to the legal effect of the policies. If the plaintiff contracted for one kind and the defendant issued a different kind, and their minds did not agree upon the form of policy to be issued, there would be no contract by which the plaintiff would be bound, although there was no fraud on the part of the defendant. *Spurr* v. *Benedict,* 99 Mass. 463. *Kyle* v. *Kavanagh,* 103 Mass. 356. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290. For the reasons stated the action cannot be maintained on the ground of mutual mistake.

The first count also alleges that the policy as issued was void because it did not "bear upon its face a plain description or designation of its character" as required by St. 1894, c. 522, § 73, see now G. L. c. 175, § 129. In view of the allegations that the policies were issued by the defendant to the plaintiff in Worcester in this Commonwealth, there can be no question but that the statute applies, notwithstanding the provision in the policies that the place of contract is expressly agreed to be in the city of Binghamton in the State of New York. *Dolan* v. *Mutual Reserve Fund Life Association,* 173 Mass. 197, 199. *Millard* v. *Brayton,* 177 Mass. 533, 537. We are of opinion that although § 73 of c. 522 was not complied with, the policies were not void. The policies could have been enforced against the company so long as the plaintiff complied with their terms. They were not void by reason of failure to comply with the statute. *Austin* v. *Dixie Fire Ins. Co.* 232 Mass. 214, 216, 217. It follows that the allegations of the declaration do not set forth a cause of action upon that ground.

For reasons previously stated, as the terms of the policies are uncertain and ambiguous, and as it is alleged that the defendant represented to the plaintiff that the policies were for the entire life of the plaintiff with a level premium upon each, and that the defendant has refused so to treat them, and has refused to keep them in force unless the plaintiff would pay a much larger premium upon each policy, it is plain that a valid cause of action is set forth. From these allegations it would appear that the plaintiff was led to believe that he was to receive policies of a materially different kind from those actually issued to him. If such allegations are sustained by proof, the plaintiff was justified in rescinding and cancelling the policies and may recover the premiums paid with interest. Upon such proof he would not be required to restore to the defendant the cost of the policies to it or any value to the plaintiff. If by reason of the representations made by the defendant the plaintiff was induced to receive policies he never contracted for, the rule that a party to a contract cannot rescind it until he has put the other party *in statu quo* by restoring whatever benefits he

may have received has no application to the cause of action here alleged. *Hedden* v. *Griffin, supra.*

In accordance with the terms of the report the interlocutory order sustaining the demurrer is reversed, and an order is to be entered overruling the demurrer.

*Ordered accordingly.*