CHARLOTTE STEVENS *vs.* WILLIAM S. HOWE Co.

Middlesex.   December 3, 1930. — May 25, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* Validity, What constitutes, Performance and breach. *Witness,* Cross-examination. *Practice, Civil,* Equitable defence, Conduct of trial, Exceptions.

In the circumstances in an action for breach of a contract in writing for the furnishing and installation of a furnace and heating system, wherein the defendant pleaded, as an equitable defence under G. L. c. 231, § 31, that the contract signed by the parties through mutual mistake "had no application to installation of the type" of furnace which was the subject of the contract, and did not represent the

agreement of the parties, no error appeared in the exclusion of certain questions asked by the defendant of the plaintiff on cross-examination as to whether he "had given any thought to the question whether" a warranty was included in the contract and as to when he had first learned that there was a guaranty in the contract, the record not showing that such questions were directed to the equitable defence of mistake as pleaded: their possible competency did not appear at the time the questions were asked and no evidence was offered at any time to show mistake on the part of the defendant as well as of the plaintiff as to the whole or any part of the contract.

If the defendant intended the evidence he sought by the above questions to be relevant to his equitable defence, it was his duty to guide the attention of the trial judge to the answer filed by him and to state that the questions to the plaintiff were directed to certain portions of the contract with the hope of eliciting testimony to show that such portions were in the contract through mistake so far as the plaintiff was concerned, and that at the proper time he proposed to show by appropriate evidence that such portions were also in the contract by mistake so far as the defendant was concerned.

It *seems* that a party cross-examining his adversary is not required to make an offer of proof in order to save a valid exception to the exclusion of questions, although he may be required by the trial judge to state his hope concerning the answer of the witness to such questions.

Evidence, at the trial of an action for breach by the defendant of a contract in writing to instal a heater in the plaintiff's house guaranteed to heat the house to specified temperatures, that the heater installed was wholly inadequate to heat the house, warranted a finding for the plaintiff for the amount of the reasonable expense to which he had been put to obtain the degree of heat required by the contract.

Evidence, at the trial of the action above described, that there was a defect in the heater, whereby heavy smoke spread through the house of the plaintiff to his substantial injury, warranted a finding for the plaintiff on a second count for the amount of the reasonable expenses incurred by the plaintiff to repair such injury.

CONTRACT. Writ in the District Court of Somerville dated September 22, 1928.

Material evidence at the trial in the District Court is stated in the opinion. The judge found for the plaintiff in the sum of $587 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the defendant appealed.

The case was argued at the bar in December, 1930, before *Rugg*, C.J., *Pierce, Carroll, Wait,* & *Field,* JJ., and afterwards was submitted on briefs to all the Justices.

*M. J. Mulkern,* for the defendant.

*B. Potter,* for the plaintiff.

Rugg, C.J.   There are two counts in the declaration.   It is alleged in the first count that the parties entered into a contract in writing whereby the defendant agreed to furnish and instal in a house of the plaintiff a furnace and heating system according to specifications, guaranteed to heat certain rooms of the house to specified degrees of temperature in any weather;  that the defendant installed a heating system not complying with the contract as to heating such rooms;  that the plaintiff has paid the full consideration as required by the contract and has been caused damage by the default of the defendant.   It is alleged in the second count that the furnace installed by the defendant under the contract was defective in that it emitted thick, black, oily smoke into and through the house, causing damage to its furnishings.   The answer of the defendant, among other matters, pleaded the equitable defence (G. L. c. 231, § 31; *Jump* v. *Sparling*, 218 Mass. 324, 325;  *Bancroft Trust Co.* v. *Canane*, 271 Mass. 191, 198) that the contract signed by the parties through mutual mistake "had no application to installation of the type" of furnace which was the subject of the contract, and did not represent the agreement of the parties.

At the trial on the merits, the plaintiff was asked on cross-examination (1) if she had given any thought to the question whether a warranty was included in the contract, and (2) when she first learned that there was a guaranty in the contract.   These questions were excluded against the objection of counsel for the defendant, who offered to show that the witness did not know that there was a warranty or guaranty in the contract when she signed it, and gave no thought to that matter.   There was no error of law in the exclusion of these questions.   It would have been competent for the defendant to show under its answer that through the mutual mistake of both parties the written contract did not express the agreement of the parties. *Fowle* v. *Pitt & Scott, Ltd.* 183 Mass. 351, 354.   *Martin* v. *Jablonski*, 253 Mass. 451, 453.   Mistake of one party is not sufficient.   The mistake must be shared by both with respect to the same matter.   *Barrell* v. *Britton*, 252 Mass.

504, 508. *Harwood* v. *Security Mutual Life Ins. Co.* 263 Mass. 341, 347. The answer of the defendant did not specify that any particular part or parts of the contract were inserted by mutual mistake. Fairly interpreted, that pleading means that the whole writing was a mistake. At all events, it does not call attention to any clause, paragraph or provision as introduced into the contract by mutual mistake. The inquiries to the plaintiff which were excluded were directed to the single subject of warranty. The word "warranty" does not occur in the contract. There is in the contract a heading, "Guarantee." That heading comprehends a provision that the defendant "hereby guarantees that the said furnace shall warm" designated rooms to specified temperature in any weather subject to certain conditions not now material. In these circumstances it was the duty of the defendant to guide the attention of the trial judge to the answer filed by the defendant and to state that the questions to the plaintiff were directed to the "Guarantee" paragraph of the contract with the hope of eliciting testimony tending to show that that paragraph was in the contract through mistake so far as she was concerned, and to state further that at the proper time he proposed to show by appropriate evidence that that paragraph was also in the contract by mistake so far as the defendant was concerned. Fairness on the part of the attorney toward the trial judge required that the latter should be placed in a position where he could gain a view of the precise issues involved and the point to which questions are addressed. As the trial appears on the present record, the possible competency of the questions excluded did not appear at that time. They were not directed very obviously to the equitable defence of mistake as pleaded. There is nothing in the record to indicate that they would have been competent at a later stage in the trial. The witness was not recalled. No evidence seems to have been offered at any time tending to show mistake on the part of the defendant as to the whole or any part of the contract. *Posell* v. *Herscovitz,* 237 Mass. 513, 515–517. *Commonwealth* v. *McIntosh,* 259

Mass. 388, 391.   This is not a case of failure to make offer of proof by the party calling a witness, illustrated by many decisions.   See, for example, *Mackintosh, petitioner*, 268 Mass. 138.   Since the questions were asked on cross-examination, no offer of proof was required.   A trial attorney can hardly be expected to know in advance the answer to be made by an adversary witness called by his opponent with sufficient certainty to enable him to make an offer of proof, although he may be required by the judge to state his hope.   It is enough if he asks of such witness a question on its face pertinent and not unduly protracting the trial. *Alford* v. *United States*, 282 U. S. 687, 692.   See *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303, 306; *Commonwealth* v. *Coughlin*, 182 Mass. 558, 564.   This is a case where the party claiming to be aggrieved has failed to show on the record error on the part of the trial judge in this respect.

There was ample evidence of definite physical facts to support a finding that the furnace and heating system installed by the defendant did not comply with the requirements of the contract in the important respect that it did not when properly operated keep the house warmed to the temperature specified in the guarantee.   Adequate testimony to this point was not obnoxious to the rule that mere rhetorical expletives do not amount to the requisite degree of proof.

The contract required the defendant to instal a furnace capable of heating the house of the plaintiff to a temperature of seventy degrees in certain rooms on the first floor and to a temperature of sixty-five degrees in certain rooms on the second floor in any weather.   That requirement may be recognized as comfortable according to common standards of living in this climate.   For the price the plaintiff had paid she was entitled to such a heater.   There was evidence tending to show that the defendant did not instal such a heater, but installed one wholly inadequate to heat the house.   In these circumstances the plaintiff had a right to procure additional means for obtaining the degree of heat in her house for which she had contracted, in a reason-

able way, and charge the expense to the defendant as damages. *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220, 239 and cases collected. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 25 and cases cited. *Gascoigne* v. *Cary Brick Co.* 217 Mass. 302. See *British Westinghouse Electric & Manuf. Co. Ltd.* v. *Underground Electric Railways Co. of London, Ltd.* [1912] A. C. 673, 688–691. The rulings requested by the defendant on this aspect of the case, so far as they related to propositions of law, were not based on this principle and were refused rightly. So far as they related to facts, they were to be determined by the trial judge on all the evidence and no question of law is now raised.

The same general rule of damages applies to facts shown and found by the judge on the second count. There was evidence tending to show a defect in the heater installed by the defendant, whereby heavy smoke spread through the house of the plaintiff to her substantial injury. Reasonable expenses incurred by the plaintiff to repair this were a proper element of damage.

*Order dismissing report affirmed.*