JOHN J. CRONIN & others *vs.* JOHN A. AKESON & another.[1]

Middlesex.    April 4, 1960. — April 29, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Equity Jurisdiction,* Rescission, Mutual mistake. *Contract,* Rescission.

Where it appeared that one of the parties to a contract paid money to the other in the belief that the payment was for a half interest in certain land, and that the other party received the money believing that it was payment only for sand and gravel to be removed from the land, there was a mutual mistake of fact making rescission of the contract with repayment of the money proper.

BILL IN EQUITY, filed in the Superior Court on March 11, 1957.

The suit was heard by *Vallely,* J.

*Joseph F. Bacigalupo,* (*Andrew A. Caffrey* with him,) for the plaintiffs.

*Richard C. Johnson,* for the defendants.

COUNIHAN, J. This is a bill in equity to establish the plaintiffs' interest in an undivided one half of a parcel of land containing fifty-three acres in Billerica. The evidence is reported and the judge made voluntary findings of facts

---

[1] Mishawam Realty Co., Inc.

and an order for decree in which he ordered the entry of a final decree, that upon repayment to the plaintiffs by the defendant Akeson of the sum of $1,798.75, which was paid by the plaintiffs under a mutual mistake, the bill should be dismissed. After the $1,798.75 was deposited in escrow pending the outcome of this case, a final decree was entered dismissing the bill, from which the plaintiffs appealed. There was no error.

The findings of facts by the judge disclose that on October 19, 1933, the individual defendant acquired title to the parcel in dispute; on January 5, 1935, he conveyed this parcel to the corporate defendant, Mishawam Realty Co., Inc., of which he was the principal stockholder, president, treasurer and a member of the board of directors; as of November 15, 1950, the town of Billerica had acquired tax liens on this parcel amounting to $6,094.84 plus interest; the plaintiffs were engaged in the contracting business and wished to acquire sand and gravel from Akeson, the individual defendant; Akeson told the plaintiffs that he could acquire rights to remove sand and gravel from the town for the sum of $3,500; that the plaintiffs gave Akeson $1,750 for which, together with $1,750 paid by Akeson, the town released all tax liens and gave Akeson a permit to remove sand and gravel from the parcel; Akeson gave the tax receipt and the permit to the plaintiffs; subsequently the plaintiffs gave Akeson $48.75, a sum equal to one half of the taxes on this land for 1951.

The judge further found that the payments made by the plaintiffs to Akeson were received by him as advance payments for sand and gravel to be removed and sold to the plaintiffs and that the plaintiffs were acting under a mistake when they advanced such money to Akeson believing that they were buying a half interest in the land which they thought was owned by Akeson. The land was in fact owned by Mishawam Realty Co., Inc., against which the plaintiffs have no valid claim.

These findings of the judge must be supported unless plainly wrong, which they were not for the evidence amply

supports them. This is a case where the accuracy of the findings depends upon the credibility of oral testimony and where the conclusions of the judge who saw and heard the witnesses must be given due weight. *Metropolitan Life Ins. Co.* v. *Pollack*, 332 Mass. 582, 584.

In the case at bar the findings of the judge show that the mistakes of the parties relate to the same matter, and rescission is not precluded even assuming that the mistakes of the parties as to the facts are not the same. Restatement: Contracts, § 503. There was a mutual mistake as to the subject matter of the alleged contract, Akeson believing that he was selling sand and gravel and the plaintiffs believing that they were buying an interest in land. In these circumstances rescission with restitution was the proper relief. *Barrell* v. *Britton*, 252 Mass. 504, 508. *Harwood* v. *Security Mut. Life Ins. Co.* 263 Mass. 341, 347. Cf. *Stevens* v. *William S. Howe Co.* 275 Mass. 398.

*Decree affirmed with costs of appeal
to the defendants.*